IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Adam Pena,<br><br>  Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>  Respondents. | No. CV-13-02227-PHX-SPL<br><br>**ORDER** |

Before the Court is Petitioner Christopher Adam Pena's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and Motion for DNA Testing (Doc. 22). The Honorable Bridget S. Bade, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 34), recommending that the petition and motion be denied; Petitioner has objected to the R&R (Doc. 35). For the following reasons, the Court accepts and adopts the R&R, and denies the petition.

**I.    Background**

In 2006, Petitioner was indicted in the Maricopa County Superior Court, Case No. CR 2006-145534, of five counts of aggravated assault. (Doc. 21-1, Exh. A.) Each count corresponded with one of five different victims, referred here to as: B.W. (Petitioner's downstairs neighbor), T.B. (B.W.'s sister), M.J. (T.B.'s boyfriend), M.H. and M.B. (T.B.'s two minor children). Petitioner was found guilty by jury trial on all counts, and on May 14, 2007, he was sentenced to a combination of terms totaling fifteen years of imprisonment. (Doc. 21-1, Exh. B.)

On October 30, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in District Court (Doc. 1), raising ten claims for relief. Respondents filed an Answer (Doc. 21), in which they argue that the petition should be dismissed as untimely, and alternatively, that Petitioner's claims are either not cognizable or are procedurally barred from federal habeas corpus review.

**II.  Standard of Review**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See id.;* Fed. R. Civ. P. 72(b)(3); *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). However, a petitioner is not entitled as of right to *de novo* review of evidence and arguments raised for the first time in an objection to the R&R, and whether the Court considers the new facts and arguments presented is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

**III.  Discussion**

Having reviewed the objected to recommendations *de novo*, the Court finds that the Magistrate Judge correctly concluded that Petitioner's claims are time-barred.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] 28 U.S.C. § 2244. The AEDPA imposes a 1-year statute of limitations in which "a person in custody pursuant to the judgment of a State court" can file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

---

[1] The AEDPA applies to federal habeas petitions filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

### A.   Commencement of Limitations Period

Petitioner was sentenced in 2007. Following a timely direct appeal, on May 27, 2008, the Arizona Court of Appeals affirmed his convictions and sentences. (Doc. 21-3, Exh. L.) Petitioner did not seek review by the Arizona Supreme Court and therefore, his judgment became final on June 28, 2008. *See* 28 U.S.C. § 2244(d)(1)(A) (the 1-year limitations period runs from the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review); *Gonzalez v. Thaler*, 565 U.S. __, 132 S. Ct. 641, 656 (2012) (where a state prisoner does not seek review in the State's highest court, the judgment becomes final on the date the time for seeking such review expires). Absent any tolling, the one-year limitations period would have commenced the following day, and expired on June 29, 2009.

### B.   Statutory and Equitable Tolling of Limitations Period

Petitioner's first notice of post-conviction relief was not filed until August 10, 2009, after the one-year statute of limitations period had expired on June 29, 2009. (Doc. 21-3, Exh. M.) As a result, neither the first notice of post-conviction relief, nor subsequent notice or petition, statutorily tolled the limitations period under 28 U.S.C. § 2244(d)(2). *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petition filed after the expiration of AEDPA's one-year period does not revive a limitations period that ended before state petition was filed). Further, because Petitioner's notice of post-conviction relief was denied as untimely (Doc. 21-3, Exh. N), it would not have tolled the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)").

Petitioner also does not show that he is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing" his federal habeas petition) (internal quotations omitted). Petitioner's objections challenge the unreasonableness of the state courts' failure to consider the merits of his claims and provide him with an evidentiary hearing. He does not show however, that the state courts' actions, or inaction, prevented him from timely filing a federal habeas petition. Therefore, because the instant habeas petition was not filed until 2013, more than four years after the limitations period expired, Petitioner's claims are time-barred.

### C. Innocence Exception to Limitations Period

Petitioner objects to the R&R on the basis that his credible claim of actual innocence entitles him to have the merits of his petition considered. In doing so, Petitioner objects to the Magistrate Judge's factual summary, and offers his own as follows:

> This is a case of self-defense. A case of two different stories. A case of who? Is robbing who? For what? And where? Peña was convicted on the testimony of two convicted felons, MJ and BW that Peña pulled an $800.00 pistol that was legally registered to himself and robbed both BW & MJ for 3 bottles of beer outside of Peña's leased apt.
>
> Further, both MJ and BW state that after Peña had robbed them, Peña then ran down two flights of stairs chasing and firing randomly at a group of women and children which caused the lacerations to both MJ['s] left finger and 5 year child [sic] MJ clearly stated that he (MJ) jumped out the window with… Thus convicting Peña of 5 counts of agg assault.
>
> Wherefore, Peña got on the witness stand and faced down a 135 year prison sentence to challenge this assertion with a claim of self-defense, namely, that it was MJ and BW who, whereupon noticing Peña's customized 45 acp that he kept holstered to himself on display as a deterrent to horseplay and unlawful touching due to his inherit disease of osteogenesis imperfecta or OI [sic] brittle bones, attempted to pry this attractive pistol from Peña's possession in a strong arm robbery attempt. This is when Peña fired this pistol; this action was <u>not</u> aggravated assault on BW or MJ but instead an act of self-defense, because really, who in Arizona is entitled to walk up to someone's apt. balcony and attempt to pry a loaded pistol from a responsible gun owner's possession?
>
> The answer is none.

4

(Doc. 35 at 13-14.)

"[A]n actual-innocence gateway claim" may serve as an exception to AEDPA's limitations period. *McQuiggin v. Perkins*, 569 U.S. __, 133 S. Ct. 1924, 1928 (2013) (also referred to as a "fundamental miscarriage of justice exception") (adopting *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), holding actual innocence is an exception to procedurally defaulted claims). This exception is applied in rare instances, and a "tenable actual-innocence gateway" claim will not be found unless the petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup*, 513 U.S. at 329). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. *See also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011); *McQuiggin*, 133 S. Ct. at 1927 (explaining the significance of an "[u]nexplained delay in presenting new evidence").

First, Petitioner objects to the R&R's finding that testing of the DNA taken from the gun fired does not present a tenable actual innocence gateway claim. Petitioner argues that testing the DNA would yield M.J.'s profile, thereby "catalyzing Peña's claim of self-defense while shattering the state charges against" him. (Doc. 35 at 15.) Such evidence would inherently show that M.J. did not accurately testify regarding how he sustained his injury, and prove that M.J.'s injury resulted from his attempt to pry the gun away from Petitioner. (Doc. 35 at 15.) Second, Petitioner objects and claims that testing DNA taken from the shell casings found at the apartment would also yield M.J.'s profile, showing that M.J.'s hands were on the pistol at the time the shots were fired. (Doc. 35 at 16.) Third, Petitioner argues that the medical evidence concerning his brittle bone disease supports his "version of events, namely, having to act in self defense of his life while under attack by two convicted felons," and shows that he was not physically capable of committing the crime as it was described during trial. (Doc. 35 at 24.) In other words,

Petitioner argues that there is a variety of evidence that exists that should have been presented at trial that would have undercut the victims' account, and reinforces his theory of self-defense.

The Court agrees with the Magistrate Judge's reasoning, and finds Petitioner does not present a tenable actual innocence claim that meets the *Schlup* threshold. Assuming, without deciding, that the evidence would undermine testimony regarding the sequence of events that occurred, it does not prove that the victims' testimony was false, that all or any of the multiple shots were fired in self-defense, and that Petitioner is innocent. In the best of light, as phrased by Petitioner, it would only support that this is a "case of two different stories." In order to qualify for the innocence gateway exception however, Petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial," not evidence that is merely favorable and might have lessened the strength of the prosecution's case. *Schlup*, 513 U.S. at 316. This Court cannot say that, in assessing the likely impact of this evidence, that no reasonable juror could have voted to find him guilty. *See Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011); *McQuiggin*, 133 S. Ct. at 1936.

Lastly, Petitioner objects to the R&R by rearguing the underlying merits of his claims concerning the precluded evidence of the victims' criminal history, the 911 phone call (which was played for the jury), and the self-defense jury instruction. (Doc. 35 at 17-21.) He maintains that but for these errors, he would not have been convicted, and his innocence would have been evident. While many of Petitioner's arguments may challenge the constitutional adequacy of the procedures that led to his convictions and the inherent fairness of those convictions, these arguments do not point to evidence of actual, factual innocence. Further, this is not new evidence for purposes of the gateway exception; Petitioner does not dispute that the evidence and issues were presented at trial. *See Schlup,* 513 U.S. at 324; *McQuiggin*, 133 S. Ct. at 1935. Therefore, Petitioner has not shown that there is new evidence of actual innocence that justifies review of his time-barred claims.

**IV.      Conclusion**

Having reviewed the record as a whole, and finding none of Petitioner's objections have merit, the R&R will be adopted in full. For the same reasons the Court finds that the petition is time-barred and he has not presented a tenable innocence gateway claim, Petitioner's objections to the R&R regarding his request for DNA testing and an evidentiary hearing also fail. *See Stewart v. Cate*, 757 F.3d 929, 942 (9th Cir. 2014) (evidentiary development is not required where, even if the new evidence is fully credited, it would not entitle him to relief). Accordingly,

**IT IS ORDERED:**

1.      That Magistrate Judge Bade's Report and Recommendation (Doc. 34) is **accepted** and **adopted** by the Court;

2.      That the Motion for DNA Testing (Doc. 22) is **denied**;

3.      That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**;

4.      That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

5.      That the Clerk of Court shall **terminate** this action.

Dated this 30th day of July, 2015.

Honorable Steven P. Logan
United States District Judge